UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GILBERT SANCHEZ, | § | |
| TDCJ # 1712910, | § | |
|     Petitioner, | § | |
| | § | |
| | § | EP-17-CV-90-KC |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Gilbert Sanchez, through his counsel, challenges Respondent Lorie Davis's custody over him through a "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254. In his petition, Sanchez asserts that he was denied his rights to due process and to the effective assistance of counsel. In an "Answer with Brief in Support," Davis avers that Sanchez's claims lack merit or are procedurally barred. After reviewing the petition, answer, and state-court records, the Court agrees that Sanchez is not entitled to § 2254 relief. The Court will accordingly deny Sanchez's petition and deny Sanchez a certificate of appealability.

### BACKGROUND AND PROCEDURAL HISTORY

Davis has custody of Sanchez pursuant to a judgment and sentence entered by the 120th District Court of El Paso County, Texas. A jury found Sanchez guilty of aggravated sexual assault and assessed punishment at a term of sixty-five years' imprisonment.

1

According to the Texas Eighth Court of Appeals' decision affirming Sanchez's conviction and sentence,[1] Sanchez dated and had consensual sex with Jeanette Ribail during December of 2009. When Ribail decided to break off the relationship, Sanchez continued to contact her. On December 30, 2009, Sanchez tracked down Ribail at her sister's trailer. While he waited outside, Ribail left through the back door and fled to her own trailer. Sanchez followed and broke down the door. A physical altercation ensued. Sanchez punched and attempted to smother Ribail with a pillow. He told her he did not care if she died. Sanchez then dragged Ribail by her hair to the bathroom and threatened her with scissors. He said he would use the scissors on her if she attempted to leave. He forced her to clean the blood off her body. He then told Ribail it was time to go to the bedroom, and he grabbed her arm. Ribail shook her head, indicating to Sanchez that she did not want to have sex with him, but Sanchez proceeded to have intercourse with her. Ribail cried during the assault, but did not physically resist because she feared for her life.

A grand jury indicted Sanchez for aggravated sexual assault. The indictment alleged:

> IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS
> The Grand Jurors for the County of el Paso, State of Texas, duly organized as such, at the January Term, A.D. 2010 of the 120th Judicial District Court for said County, upon their oaths in said Court, present that on or about the 31st day of December, 2009 and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, GILBERT SANCHEZ, hereinafter referred to as Defendant, did then and there intentionally and knowingly cause the penetration of the female sexual organ of JEANETTE RIBAIL by means of the sexual organ of GILBERT SANCHEZ without the consent of JEANETTE RIBAIL, by the use of physical force and violence.
> And the said Defendant did then and there by acts and words place JEANETTE RIBAIL, in fear that death would be inflicted on JEANETTE RIBAIL.[2]

---

[1] *Sanchez v. State*, No. 08-11-00137-CR, 2014 WL 2810479 (Tex. App.—El Paso 2014, pet. ref'd).

Notably, the indictment did not allege the aggravating element "that death, serious bodily injury, or kidnapping will be *imminently* inflicted on any person."[3]

A jury found Sanchez guilty of aggravated sexual assault, and he was sentenced to 65 years' in prison. Sanchez appealed. He also moved for a new trial in the trial court, asserting that the jury charge was defective, the evidence on the issue of the aggravating element of "imminently" was legally insufficient, and that the court should have granted a mistrial on the punishment due to Ribail's prejudicial comments. While Sanchez's appeal was pending, the trial court granted Sanchez a new trial, but did not provide findings of fact or conclusions of law. The State appealed, and the Eighth Court abated Sanchez's direct appeal pending the outcome of the State's appeal.

On appeal, the State conceded that the trial court erroneously omitted the aggravating element that the victim feared her death was imminent from the jury charge, thereby misdirecting the jury about the law.[4] The Eighth Court explained:

> . . . A trial court commits error when it deviates from the statutorily-mandated language by adding or deleting language. *See Villarreal v. State*, 205 S.W.3d 103, 105 (Tex. App.—Texarkana 2006, pet. dism'd, untimely filed); *Hill v. State*, 30 S.W.3d 505, 509 (Tex. App.—Texarkana 2000, no pet.). Here, the relevant statutorily-mandated language is found in Section 22.021 of the Penal Code. Under this section, a person commits the offense of aggravated sexual assault if he: (1) intentionally or knowingly causes the penetration of sexual organ of another person by any means, without that person's consent; and (2) by acts or words places the victim in fear that death will be *imminently* inflicted on any person. Tex. Penal Code Ann. § 22.021(a)(1)(A)(i), (a)(2)(A)(ii) (West Supp. 2012) [Emphasis added]. The trial court erred in omitting statutorily-mandated language.

---

[2] ECF No. 8-11 at 8.

[3] Tex. Penal Code Ann. § 22.021(a)(2)(A)(ii) (West Supp. 2012) (emphasis added).

[4] *State v. Sanchez*, 393 S.W.3d 798, 801 (Tex. App.—El Paso 2012, pet. ref'd).

****

> . . . Sanchez did not preserve his claim of charge error by raising it in a motion for new trial. Accordingly, the trial court could only have granted Sanchez's motion for new trial if he established that he suffered egregious harm.[5]

The Eighth Court found "[t]he probative evidence regarding the aggravating element of the offense, i.e., that Ribail feared her death was imminent, was significant and weighs in favor of concluding that Sanchez did not suffer egregious harm."[6] It concluded, "[c]onsidering and weighing the jury charge, contested evidence, closing arguments of counsel, and voir dire, . . . that Sanchez has failed to show that he was egregiously harmed as a result of the error in the charge. We therefore hold that the trial court erred in granting the motion for new trial."[7] The Eighth Court accordingly reversed the trial court's grant of a new trial and reinstated Sanchez's conviction.[8] The Texas Court of Criminal Appeals struck Sanchez's petition for discretionary review,[9] and the Supreme Court denied Sanchez's petition for writ of certiorari.[10]

Meanwhile, in his direct appeal, Sanchez argued:

> (1) he suffered egregious harm from a defective jury charge that failed to address the critical "imminence of harm" element of aggravated sexual assault, (2) the court should have granted a mistrial during the punishment phase based on a witness's comments that she was "victim number nine," and (3) trial counsel rendered constitutionally ineffective assistance during cross-examination.[11]

---

[5] *Id. at* 803 (Tex. App. 2012).

[6] *Id*. at 804.

[7] *Id.* at 806.

[8] *Id.*

[9] *Sanchez v. State*, No. PD-1656-12, 2013 WL 458167 (Tex. Crim. App. Feb. 6, 2013).

[10] *Sanchez v. Texas*, 134 S. Ct. 221 (2013).

4

The Eighth Court overruled all of Sanchez's claims of error on the merits,[12] and the Court of Criminal Appeals refused to grant Sanchez's petition for discretionary review.

Sanchez, through his counsel, sought a state writ of habeas corpus.[13] He alleged he was denied his right to due process because he was "convicted and sentenced for a charge not alleged in the indictment nor presented to the jury," and that his trial counsel was ineffective for failing to preserve this claim of error.[14] Sanchez further argued he was denied his right to testify because trial counsel insisted he not testify, and further asserted his counsel failed to adequate voir dire the jury panel.[15] Sanchez also alleged he was denied the effective assistance of counsel "throughout" his trial, enumerating instances of counsel's alleged errors at trial.[16] The Texas Court of Criminal Appeals denied the writ without written order on the findings of the trial court after a hearing.[17]

In his federal habeas petition, Sanchez asserts three claims.[18] First, he claims he was denied due process when he was convicted of a crime not alleged in the indictment. Second, he contends his trial counsel prevented him from testifying at trial. Finally, he maintains his trial counsel was ineffective because he failed to (1) adequately voir dire the jury panel, (2) prepare

---

[11] *Sanchez,* 2014 WL 2810479 at *1.

[12] *Id.* at *3, *5, *6.

[13] ECF No. 9-26 at 34–96.

[14] *Id.* at 39.

[15] *Id.* at 41–44.

[16] *Id.* at 45–46.

[17] ECF No. 9-11, *Ex parte Sanchez*, No. WR-84,766-01.
[18] Pet'r's Pet. at 6–7, ECF No. 1.

5

defense character witnesses to testify, (3) investigate and prepare for trial, and (4) object when the prosecutor vouched for a witness. He also asserts his counsel improperly vouched for a State's witness.

## APPLICABLE LAW

"[C]ollateral review is different from direct review,"[19] and the writ of habeas corpus is "an extraordinary remedy"[20] reserved for those petitioners whom "society has grievously wronged."[21] It "is designed to guard against extreme malfunctions in the state criminal justice system."[22] It provides an important, but limited, examination of an inmate's conviction and sentence.[23] Accordingly, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[24] They must generally defer to state court decisions on the merits[25] and on procedural grounds.[26] They may not grant relief to correct errors of state constitutional,

---

[19] *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[20] *Id.*

[21] *Id.* at 634.

[22] *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (STEVENS, J., concurring in judgment)).

[23] *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("[S]tate courts are the principal forum for asserting constitutional challenges to state convictions.").

[24] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[25] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[26] *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

statutory, or procedural law, unless a federal issue is also present.[27]

A federal court can only grant relief if "the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law,'"[28] or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[29] The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."[30]

Moreover, the federal court's focus is on the state court's ultimate legal conclusion, not whether the state court considered and discussed every angle of the evidence.[31] Indeed, state courts are presumed to "know and follow the law."[32] Factual findings, including credibility choices, are entitled to the statutory presumption, so long as they are not unreasonable "in light of the evidence presented in the State court proceeding."[33] Further, factual determinations made by a state court enjoy a presumption of correctness which the petitioner can rebut only by clear

---

[27] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[28] *Berghuis v. Thompkins*, 560 U.S. 370, 378 (2010) (quoting 28 U.S.C. § 2254(d)(1)).

[29] 28 U.S.C. § 2254(d)(2) (2012).

[30] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[31] *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc); *see also Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002) ("we review only the state court's decision, not its reasoning or written opinion").

[32] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[33] 28 U.S.C. § 2254(d)(2).

and convincing evidence.[34] The presumption of correctness applies not only to express findings of fact, but also to "unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."[35]

In sum, the federal writ serves as a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."[36] "If this standard is difficult to meet, that is because it was meant to be."[37]

## ANALYSIS

### A. Absence of the term "imminent" in the indictment

Sanchez asserts in his petition that he "was denied due process, the right to trial by jury and effective assistance of counsel because he was convicted and sentenced for a charge that was neither alleged in the indictment nor presented to the jury for consideration."[38] Specifically, he claims:

> The indictment alleged the elements needed to charge him with felony sexual assault. The indictment did not set out the elements necessary to charge him with felony aggravated sexual assault. The State, the trial court, and the defense proceeded as if Petitioner was charged with aggravated sexual assault. Petitioner was found guilty and sentenced for aggravated sexual assault. The maximum sentence for sexual assault is 20 years. Aggravated sexual assault has a maximum sentence of life. Petitioner was given 65 years.[39]

---

[34] *Id.* § 2254(e)(1); *see Clark v. Quarterman*, 457 F.3d 441, 444 (5th Cir. 2006) (noting that a state court's determination under § 2254(d)(2) is a question of fact).

[35] *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

[36] *Harrington*, 562 U.S. at 102–03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)).

[37] *Id.* at 102.

[38] Pet'r's Mem. in Supp. at 4, ECF No. 3.

[39] Pet'r's Pet. at 6.

Sanchez adds in his memorandum in support of his petition that his trial counsel was ineffective because he failed to challenge the indictment:

> Trial counsel acknowledged that he failed to notice the defect in the indictment prior to Sanchez being convicted and sentenced for an uncharged offense. *See* Affidavit of trial counsel Mena. He further acknowledged that had he noticed the defect he would have objected to Sanchez being sentenced for [a] first degree felony when in fact, he was only charged with a second-degree felony. *See* Affidavit of trial counsel Mena. Unfortunately for Sanchez, trial counsel did not object. Because of counsel's failure to recognize the deficiency in the charge, he allowed Sanchez to be tried, convicted and sentenced for a first-degree felony when in fact, he was not charged with a first-degree felony. Had counsel objected in a timely manner, Sanchez could not have been sentenced to more than 20 years in prison. Sanchez was sentenced to 65 years in prison. Based on these facts, both prongs of *Strickland* are satisfied and Sanchez is also entitled to a new sentencing hearing.[40]

Sanchez raised this claim in his state habeas action. He alleged that, in effect, he had been convicted only of a second degree felony, sexual assault, rather than the first-degree felony, aggravated sexual assault.[41] After conducting a hearing, the state habeas trial court found:

> 98. The indictment did not wholly omit the aggravating element required for an aggravated sexual assault.
>
> 99. The indictment omitted only one word, "imminently," in the aggravating element.
>
> 100. The indictment did not merely charge second-degree sexual assault, with nothing else in the entirety of the indictment to indicate that the applicant was being charged with aggravated sexual assault.
>
> 101. Rather, the caption of the indictment titles the offense with which the applicant was charged with as "aggravated sexual assault."
>
> 102. Additionally, the body of the indictment contained additional language not required for mere sexual assault and that clearly indicated the existence of an aggravating circumstance not required for second-degree sexual

---

[40] Pet'r's Mem. in Supp. at 12–13.

[41] ECF No. 9-25 at 125; ECF No. 9-26 at 39.

assault, to wit: "And the said Defendant did then and there by acts and words place [Ribail] in fear that death[] would be inflicted on [her]"

      103. The indictment charged the applicant with first-degree aggravated sexual assault.

      104. The caption and body of the indictment put the applicant on notice that the offense with which he was charged was "aggravated sexual assault."

      105. From the entirety of the indictment and the context of the trial, it is clear that the applicant knew that the State charged him with first-degree aggravated sexual assault, notwithstanding the omission of the single word "imminently."

      106. The State explained, during voir-dire, without objection, that the applicant was charged with aggravated sexual assault. (RR2 at 92-94, 97-107).

      107. This Court's written guilt-innocence charge instructed the jury that the applicant was charged with aggravated sexual assault. (CR at 113-14).

***

      118. The applicant was not convicted on a charge that was not alleged in the indictment or presented to the jury, that is, the applicant was indicted for aggravated sexual assault, the applicant and Attorney Mena understood that the applicant was charged with aggravated sexual assault, the jury was charged with aggravated sexual assault, and the jury convicted the applicant of aggravated sexual assault.

      119. Because the "imminence" component was not a penalty-enhancing element for purposes of *Apprendi*, Attorney Mena was not deficient and did not cause the applicant prejudice for not preserving for appellate review an argument that was not supported by the law.[42]

The Court of Criminal Appeals denied the claim without written order on the findings of the trial court after a hearing.[43]

According to the Fifth Amendment to the United States Constitution, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or

---

[42] ECF No. 9-14 at 17–19.

[43] ECF No. 9-11.

indictment of a Grand Jury . . ."[44] The Sixth Amendment provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusations. . . ."[45] In the federal system, "charges may not be broadened through amendment except by the grand jury itself."[46] Constructive "'amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them.'"[47] Constructive amendment permits a jury "to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged. In such cases, reversal is automatic, because the defendant may have been convicted on a ground not charged in the indictment."[48]

However, the Supreme Court has held consistently since *Hurtado v. California*, 110 U.S. 516 (1884), that there is no federal constitutional right to a grand jury in state prosecutions.[49] "[E]ven if a state adopts a grand jury system, federal constitutional requirements, binding in federal criminal cases are not binding on the states . . . except with respect to the racial or national composition of grand juries."[50] Thus, the sufficiency of a state charging instrument is

---

[44] U.S. Const. amend V.

[45] U.S. Const. amend VI.

[46] *Stirone v. United States*, 361 U.S. 212, 216 (1960).

[47] *United States v. Salinas*, 654 F.2d 319, 324 (5th Cir. 1981), *overruled on other grounds by United States v. Adamson*, 700 F.2d 953 (5th Cir. 1983) (quoting *Gaither v. United States*, 413 F.2d 1061, 1071 (D.C. Cir. 1969)).

[48] *United States v. Young*, 730 F.2d 221, 223 (5th Cir. 1984) (citations omitted).

[49] *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984).

[50] *Watson v. Jago*, 558 F.2d 330, 337 (6th Cir.1977).

not a matter for federal habeas corpus relief unless the indictment is so defective that the convicting court had no jurisdiction.[51] A habeas petitioner may not obtain federal relief unless the indictment is so flawed that, under no circumstances, could a valid conviction result from the facts provable under the indictment.[52] If the question of the sufficiency of the indictment is presented to the highest state court of appeals, then consideration of the question is foreclosed in federal habeas corpus proceedings.[53]

When Sanchez raised this same claim in his state habeas corpus application, the Court of Criminal Appeals denied him relief, implicitly rejecting the contention that the indictment was fundamentally defective. As the highest state court of appeals has considered the sufficiency of Sanchez's indictment—and failed to find it defective—Sanchez is foreclosed from proceeding on these grounds in a federal court.

The state court also found Sanchez's counsel was not ineffective for failing to challenge the deficiency in the indictment because this alleged error was not prejudicial.

Generally, an ineffective-assistance-of-counsel claim is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).[54] To prevail, a movant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense.[55] This means

---

[51] *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994).

[52] *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988).

[53] *Liner*, 731 F.2d at 1203.

[54] *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001).

[55] *Strickland*, 466 U.S. at 689–94 (1984).

that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.[56] To show deficient performance, a movant must show "counsel's assistance . . . falls 'below an objective standard of reasonableness.'"[57] "[T]o prove prejudice, 'the [movant] must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[58]

If Sanchez's counsel had moved to dismiss the indictment prior to trial, it is probable that the State would have simply amended the indictment.[59] It is also possible that the State could have amended the indictment during trial unless Sanchez objected.[60] Furthermore, the state trial court granted a motion for a new trial on this issue, but the Eighth Court reversed this decision, finding that Sanchez did not suffer egregious harm as a result of the omission of the term from the indictment.[61] Sanchez has not shown that—but for his counsel's alleged deficiency—the result of his criminal proceeding would have been different.

---

[56] *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

[57] *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688).

[58] *Id.* (quoting *United States v. Bass*, 310 F.3d 321, 325 (5th Cir.2002).

[59] *See* Tex. Crim. Proc. Code Ann. § 28.10(a) (West) ("After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.").

[60] *See Id.* § 28.10(b) ("A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.").

[61] *State v. Sanchez*, 393 S.W.3d 798 (Tex. App.—El Paso 2012, pet. ref'd).

Sanchez has not met his burden of showing that the state court's determination of these claims was contrary to or an unreasonable application of *Strickland* or any United States Supreme Court decision. He is not entitled to relief on these claims.

**B. Petitioner failed to exhaust his state court remedies with regard to his second and third claims for relief**

In his second claim for federal habeas relief, Sanchez contends he was denied his "right to testify at trial by defense counsel. Counsel's advice or lack thereof as it pertains to this fundamental right constituted ineffective assistance of counsel."[62] Sanchez summarily asserts that, "[s]ince no one witnessed the offense, only Petitioner could refute complainant's allegations of sexual assault, which he would have done."[63] In his third claim, Sanchez asserts he "was denied the effective assistance of counsel during his trial."[64] Davis asserts these claims are procedurally defaulted.

"In habeas, the sanction for failing to exhaust properly (preclusion of review in federal court) is given the name of procedural default . . . ."[65] "A procedural default . . . occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the

---

[62] Pet'r's Pet. at 6.

[63] *Id.*

[64] *Id.* at 7.

[65] *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006).

14

claims procedurally barred.'"[66] Additionally, if no state avenue of relief remains open to a petitioner, returning to the state courts would be futile and exhaustion is technically satisfied.[67]

Sanchez raised his second and third claims in his state habeas action. However, the state habeas trial court found Sanchez, through counsel, abandoned his "second ground for relief and all the subparts contained therein"—his claim that he was denied his right to testify by the actions of defense counsel—at the hearing conducted July 21, 2016.[68] The trial court further found Sanchez abandoned his claims of ineffective assistance of counsel at the hearing, except his claim that counsel was ineffective for failing to challenge the indictment.[69]

The record of the state habeas hearing contains the following statements by Sanchez's counsel:

> MR MORALES: With respect to that, Your Honor, one thing: I know my writ alleges various grounds for requesting a new trial or requesting a new punishment hearing. At this point, we're simply requesting a new punishment hearing, because we think that what he was convicted of was only a second degree felony. And for the reasons stated, we believe we should get a new trial, as far as punishment goes.
> 
> We had alleged various grounds that pertained to—in getting a new trial with respect to everything that was alleged. And those are the things along the lines of whether he was going to—whether he was properly advised about testifying or not. We are not pursuing those grounds at this point; we're only pursuing the grounds as it pertains to the fact that he was only convicted of a second-degree felony. So any grounds that were alleged for ineffective, we're abandoning those, and we're just focusing on that one particular issue.

****

---

[66] *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (*quoting Coleman*, 501 U.S. at 735 n.1).

[67] *Woodford*, 548 U.S. at 92-93.

[68] ECF No. 9-14 at 7.

[69] *Id.*

15

> MR. MORALES: We are abandoning ground two, Your Honor. We are abandoning ground three. Ground four, to the extent that it relied on grounds two and three, to the extent it relied on anything that happened in the guilt/innocence stage of trial, we are abandoning that.[70]

Because Sanchez abandoned his second and third claims in the state habeas proceeding, the claims were not properly exhausted as the state's highest court did not have a meaningful opportunity to consider the merits of those claims.[71] A Texas court considering Sanchez's unexhausted claims in a successive habeas petition would invoke Texas's abuse-of-the-writ doctrine to procedurally bar that action.[72]

A federal petitioner may overcome the procedural default of his claims after an adequate showing of cause and prejudice. The Supreme Court has held that:

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.[73]

Sanchez has not filed a reply addressing Davis's assertion that these claims are procedurally defaulted, or asserting cause and prejudice with regard to the default. Accordingly, the Court may not consider the merits of these claims.

## CERTIFICATE OF APPEALABILITY

---

[70] ECF No. 9-25 at 125, 127.

[71] *Carty v. Thaler*, 583 F.3d 244, 254 (5th Cir. 2009); *Charles v. Smith*, 894 F.2d 718, 722-23 (5th Cir. 1990).

[72] Tex. Code Crim. Pro. art. 11.071, § 4(a).

[73] *Coleman*, 501 U.S. at 750.

16

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[74] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[75] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[76] Although Sanchez has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[77]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[78] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[79] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it

---

[74] 28 U.S.C. § 2253(c)(1).

[75] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[76] *See* 28 U.S.C. § 2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431 & n.1 (5th Cir. 1998) (explaining that it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[77] *See* 28 U.S.C. foll. 2254 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[78] 28 U.S.C. § 2253(c)(2).

[79] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[80]

In this case, reasonable jurists could not debate the denial or dismissal of Sanchez's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.[81] Accordingly, the Court shall not issue a certificate of appealability.

## CONCLUSION AND ORDERS

The state court's determination that Sanchez was not denied his right to due process or the effective assistance of counsel based on the absence of the term "imminent" in the indictment was not clearly contrary to or an unreasonable application of federal law. Sanchez failed to exhaust his state court remedies with respect to his remaining claims and he has not asserted cause for, or prejudice arising from, his procedural default of these claims. The Court accordingly concludes that Sanchez is not entitled to § 2254 relief. The Court further concludes that Sanchez is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Petitioner Gilbert Sanchez's "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner Gilbert Sanchez is **DENIED** a certificate of appealability.

---

[80] *Id.*

[81] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this 31st day of January, 2018.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE